2006 ND 168

STATE of North Dakota, Plaintiff
and Appellee

v.

Billie Jo CAMPBELL, Defendant
and Appellant.

State of North Dakota, Plaintiff
and Appellee

v.

Thomas David Pinks, Defendant
and Appellant.

Nos. 20050326, 20050337, 20050338.

Supreme Court of North Dakota.

July 27, 2006.

Kent M. Morrow (on brief), Bismarck, N.D., for defendant and appellant Billie Jo Campbell.

Michael R. Hoffman (argued), Bismarck, N.D., for defendant and appellant Thomas David Pinks.

Ladd R. Erickson (argued), State's Attorney, Washburn, N.D., for plaintiffs and appellees.

Robert P. Bennett, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., as an amicus curiae.

KAPSNER, Justice.

[¶ 1] In these consolidated cases, Thomas Pinks appeals from a judgment of conviction for being in actual physical control of an automobile while under the influence of alcohol or other drugs and possession of marijuana paraphernalia, and Billie Campbell appeals from a judgment of conviction for possession of marijuana and marijuana paraphernalia. Both claim the admission of a state crime laboratory report violated their Sixth Amendment right to confrontation because the report was a testimonial statement under the holding of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Since the resolution of this case makes it unnecessary to decide whether the report is a testimonial statement, we determine the prudent course is not to decide an unnecessary question. Because Pinks and Campbell failed to avail themselves of their opportunity to subpoena the author of the state crime laboratory report, they

have waived any potential Confrontation Clause violation. We affirm the trial court's judgments entered on jury verdicts.

I

[¶ 2] In mid-January 2005, Pinks and Campbell were confronted about being drug users by a barkeep at the Lewis and Clark Saloon in Washburn. A heated dispute ensued. There was testimony that bar glasses were thrown and a chair was broken over the bar. The proprietor of the saloon called the police. Pinks and Campbell left the scene in a Blazer with its rear window frosted over. The police followed and stopped the Blazer but were unable to confirm who was driving the vehicle because of the frosted windows. When the police officers reached the vehicle, they noticed Pinks was in the front passenger seat and Campbell was in the rear seat. The officer asked who had been the driver. Both stated the driver had run away before the officer arrived. The officer stated that was impossible because there was no tracks in the snow and he did not notice anyone leave the vehicle during his pursuit. Pinks explained the driver jumped out while the vehicle was moving and he had to reach over, hit the brakes, put the vehicle in park, and shut off the engine.

[¶ 3] During the stop, one of the officers noticed a pipe in the front part of the vehicle, a pipe of the type the officer knew was typically used to smoke marijuana. The officer determined Pinks must have thrown it there. Pinks and Campbell were arrested and transported to the police station in separate cars. During a search of the backseat of the patrol car that transported Campbell, officers found a bag they believed contained marijuana residue. Other residue believed to be marijuana was found in one of Campbell's coat pockets. Pinks was charged with being in ac-

tual physical control of an automobile while under the influence of alcohol, criminal mischief, and possession of marijuana paraphernalia. Campbell was charged with possession of marijuana and marijuana paraphernalia.

[¶ 4] At trial, the State relied on a certified report from the state crime laboratory. The report stated the evidence seized from Pinks and Campbell was marijuana. Both Pinks and Campbell objected to the introduction of the report into evidence arguing the report violated their constitutional right to confrontation because the forensic scientist who authored the report did not testify. Neither party subpoenaed the author of the report.

[¶ 5] After receiving the report into evidence, a jury convicted Campbell of all charges. Pinks was found guilty for possession of drug paraphernalia and being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or other drugs, and acquitted of the criminal mischief charge. On appeal, both Pinks and Campbell raise the single issue of whether the district court erred in admitting the state crime laboratory report in violation of their constitutional right to confront their accusers.

II

■ [¶ 6] The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. Our standard of review for a claimed violation of a constitutional right, including the right to confront an accuser, is de novo. *State v. Blue*, 2006 ND 134, ¶ 6, 717 N.W.2d 558. As we recognized in *Blue*, the United States Supreme Court has redefined the federal right to confrontation. *Id.* at ¶ 7. In *Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held the

admission of out-of-court testimonial statements in criminal cases is precluded, unless, when the witness is unavailable to testify, the accused has had a prior opportunity to cross-examine the declarant. Without adopting a precise definition for what constitutes a testimonial statement, the court recognized that testimony means a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51, 124 S.Ct. 1354 (citing definition of testimony from 1 N. Webster, *An American Dictionary of the English Language* (1828)).

[¶ 7] In *Blue*, 2006 ND 134, ¶ 9, 717 N.W.2d 558, we noted the *Crawford* court's various formulations defining testimonial statements. Testimonial statements could refer to three classes of statements:

> ex parte in-court testimony or its functional equivalent, which includes such things as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially . . . . out-of-court statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions. . . . The final class described by the Supreme Court is comprised of testimonial statements made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Id.* (citations and quotation marks omitted).

[¶ 8] We also recognized that *Davis v. Washington*, — U.S. —, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) gave further guidance regarding the distinction between testimonial and nontestimonial statements.

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Blue*, at ¶ 11 (citing *Davis*, 126 S.Ct. at 2273–74). We stated that whether an individual was acting as a witness and in essence "testifying" should be determined by looking to the surrounding circumstances of when a report is made, the nature of the report given, the level of formality when making a report, and the purpose of the report. *Id.* (citing *Davis*, 126 S.Ct. at 2276–77).

[¶ 9] In this case, the forensic scientist's report bears testimony in the sense that it is a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51, 124 S.Ct. 1354 (citing definition of testimony from 1 N. Webster, *An American Dictionary of the English Language* (1828)). The report was signed by a state forensic scientist in his official capacity, written on letterhead from the attorney general's office, crime laboratory division, and created for purposes of providing evidence under N.D.C.C. § 19–03.1–37(4). The report was created for the purpose of establishing the content of the residue found in the pipe, bag, and Campbell's coat pocket, and was the primary evidence offered to establish the seized property contained marijuana. This procedure is authorized by statute.

[¶ 10] Section 19–03.1–37(4), N.D.C.C., provides:

> In all prosecutions under this chapter, chapter 19–03.2, or chapter 19–03.4 involving the analysis of a substance or sample thereof, a certified copy of the

analytical report signed by the director of the state crime laboratory or the director's designee must be accepted as prima facie evidence of the results of the analytical findings.

This statute acts as a substitute for the appearance of a witness who would testify: "I am the director of the state crime laboratory or the director's designee. This substance was analyzed and it was determined to be marijuana."

[¶ 11] The certified report certainly has indicia of a testimonial statement in light of *Crawford* and *Davis*. To date, courts are split as to whether a lab report such as the one at issue here is testimonial.[1] However, because of our resolution of this case, we need not decide that question today because, even assuming the report is testimonial, no Sixth Amendment violation can exist where a defendant voluntarily does not avail himself of the opportunity to

---

1. *See State v. March,* No. 27102, 2006 Mo. App. LEXIS 998, *12 n. 4, —— S.W.2d —— n. 4, (Mo. Ct.App. June 30, 2006) (compiling a list of jurisdictions addressing whether a lab report is testimonial). *See, e.g., United States v. Rahamin,* 168 Fed.Appx. 512, 520 (3d Cir. 2006) (recognizing that a DEA laboratory report appeared to be a testimonial statement since it was offered to prove the weight and substance of ecstasy pills, but declining to decide the issue); *Belvin v. State,* 922 So.2d 1046, 1054 (Fla.Dist.Ct.App.2006) (breath test affidavit attesting to technician's procedures and observations was testimonial and inadmissible under *Crawford); Johnson v. State,* 929 So.2d 4, 6 (Fla.Dist.Ct.App.2005) ("lab report prepared pursuant to police investigation and admitted to establish an element of a crime is testimonial hearsay even if it is admitted as a business record"); *Shiver v. State,* 900 So.2d 615, 618 (Fla.Dist.Ct.App.2005) (affidavit prepared prosecutorially in preparation for trial attesting to proper maintenance on breath test machine was testimonial); *People v. Lonsby,* 268 Mich.App. 375, 707 N.W.2d 610, 620–21 (2005) (information from lab report intimating that substance on defendant's shorts was semen was testimonial and inadmissible under *Crawford); City of Las Vegas v. Walsh,* 124 P.3d 203, 207–08 (Nev.2005) (affidavit attesting that proper method of blood testing was followed was testimonial as it was prepared for litigation); *State v. Berezansky,* 386 N.J.Super. 84, 899 A.2d 306 (2006) (laboratory certificate indicating sample of defendant's blood contained a blood-alcohol level of .33% was a testimonial statement because the report was not a record prepared or maintained in the ordinary course of government business, but was prepared in order to prove an element of the crime and offered in lieu of producing the qualified individual who actually performed the test); *People v. Rogers,* 8 A.D.3d 888, 891, 780 N.Y.S.2d 393 (N.Y.App.Div.2004) (report verifying presence of alcohol in victim's blood was prepared for prosecution and thus testimonial); *State v. Smith,* 2006 Ohio 1661, ¶¶ 5, 18 (Ohio Ct.App. 2006) (a laboratory report of a chemical analysis performed on substance determined to be crack cocaine was a testimonial statement, but defendant waived his confrontation rights by failing to demand the testimony of the laboratory technicians under state statute); *Commonwealth v. Carter,* 861 A.2d 957, 969–70 (Pa.Super.Ct.2004) (without benefit of *Crawford,* court held that a lab report verifying the presence of cocaine in items seized from defendant was prepared in preparation for litigation and therefore lacked indicia of reliability traditionally found in business records). *But see Pruitt v. Alabama,* CR–04–2495, 2006 Ala.Crim.App. LEXIS 121, *13, —— So.2d —— (Ala.Crim.App. June 30, 2006) (certificate of analysis nontestimonial in nature and admissible under business-record hearsay exception); *People v. Johnson,* 121 Cal.App.4th 1409, 18 Cal.Rptr.3d 230, 233 (2004) (laboratory report of substance determined to be cocaine used at probation revocation hearing "does not 'bear testimony,' or function as the equivalent of in-court testimony"); *People v. Hinojos–Mendoza,* No. 03CA0645, 2005 Colo.App. LEXIS 1206, *10, —— P.2d —— (Colo.Ct.App. July 28, 2005) (laboratory report establishing quantity and nature of cocaine was not testimonial due in part because the report was not prepared at the express direction of the prosecutor for the purpose of litigation); *Commonwealth v. Verde,* 444 Mass. 279, 827 N.E.2d 701, 705 (2005) (certificates of analysis showing weight of cocaine not considered testimonial statements, as public records they constituted a recognized exception to Confrontation Clause); *State v. Dedman,* 136 N.M. 561, 102 P.3d 628, 635–36 (2004) (the unavailability of a nurse that drew blood from defendant did

confront a witness. *City of Las Vegas v. Walsh*, 124 P.3d 203, 209 (Nev.2005).

[¶ 12] Section 19–03.1–37(5), N.D.C.C., provides certain procedural safeguards to protect an accused's confrontational rights:

Notwithstanding any statute or rule to the contrary, a defendant who has been found to be indigent by the court in the criminal proceeding at issue may subpoena the director or an employee of the state crime laboratory to testify at the preliminary hearing and trial of the issue at no cost to the defendant. If the director or an employee of the state crime laboratory is subpoenaed to testify by a defendant who is not indigent and the defendant does not call the witness to establish relevant evidence, the court shall order the defendant to pay costs to the witness as provided in section 31–01–16.

Under this statute, defendants may subpoena the report's author. The statute also authorizes an indigent defendant to subpoena the director or employee of the state crime laboratory to testify at the preliminary hearing and trial at no cost to the defendant, making that witness available for confrontation.

[¶ 13] There is nothing in this record to suggest the forensic scientist was unavailable. The statute provided Pinks and Campbell with the opportunity to subpoena the forensic scientist. They did not avail themselves of that opportunity. There may have been strategic reasons for not doing so. As a matter of trial tactics, subpoenaing the scientist, unless there are very sound reasons for challenging the report's accuracy, could elevate the importance of the report to the fact-finder. It is the opportunity to confront that is constitutionally required. This right can be waived. *City of Las Vegas v. Walsh*, 124 P.3d 203, 208 (Nev.2005) (recognizing Confrontation Clause objections may be waived by failure to comply with statutory procedures). Because neither Pinks nor Campbell attempted to subpoena the forensic scientist as provided by statute, they have waived their ability to complain of a constitutional violation.

III

[¶ 14] Because the statute provided the author of the report would be made available by subpoena and Pinks and Campbell failed to avail themselves of that opportunity to confront the witness, they have waived any potential Confrontation Clause violation. We affirm.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

not render report documenting results as inadmissible because it was considered nontestimonial as the testing was generated by a Department of Health employee, not law enforcement, and the report was not investigative or prosecutorial); *State v. Forte*, 360 N.C. 427, 629 S.E.2d 137, 143 (2006) (DNA results that were not prepared exclusively for trial were non-testimonial since "[t]hey do not fall into any of the categories that the Supreme Court defined as unquestionably testimonial"); *State v. Huu The Cao*, 626 S.E.2d 301, 305 (N.C.Ct.App.2006) (holding "laboratory reports or notes of a laboratory technician prepared for use in a criminal prosecution are nontestimonial business records only when the testing is mechanical, as with the Breathalyzer test, and the information contained in the documents are objective facts not involving opinions or conclusions drawn by the analyst"); *In re J.R.L.G.*, No. 11–05–00002–CV, 2006 WL 1098944, *2, 2006 Tex.App. LEXIS 3344, *6 (Tex.App. April 27, 2006) (urinalysis lab report from screening done under drug screen compliance check was non-testimonial evidence).