2007 ND 197

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Jeffrey SCHMEETS, Defendant and Appellant.**

No. 20060375.

Supreme Court of North Dakota.

Dec. 13, 2007.

Kathleen K. Trosen, State's Attorney, Fessenden, N.D., for plaintiff and appellee.

Robert V. Bolinske, Jr., Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Jeffrey Schmeets appeals a district court criminal judgment based on a jury verdict finding him guilty of tampering with a witness. On appeal, he argues there was not sufficient evidence to warrant his conviction. We affirm the district court criminal judgment because the record contains competent evidence which allowed the jury to draw an inference reasonably tending to prove guilt and fairly warranting Schmeets' conviction.

## I

[¶ 2] The undisputed evidence presented at trial revealed that Schmeets' daughter, who did not live at Schmeets' home, found items of drug paraphernalia on a prairie trail on his rural property. Schmeets' daughter brought the items to her mother, who gave them to the Harvey Police Department. Schmeets' daughter informed law enforcement that she had seen drug-related items in Schmeets' home.

[¶ 3] A law enforcement officer received the items of drug paraphernalia found by Schmeets' daughter. The officer obtained a search warrant for Schmeets' property. The drug paraphernalia and information provided by Schmeets' daughter served as part of the probable cause in obtaining the search warrant. Officers executed the search warrant and found drug paraphernalia. Schmeets was charged with possession of methamphetamine drug paraphernalia. The drug charges regarded the items found in Schmeets' home during the search conducted pursuant to the search warrant. The State's Attorney decided not to charge Schmeets regarding the items found by his daughter.

[¶ 4] After being charged, Schmeets called and met with his daughter's boyfriend. He told his daughter's boyfriend that he wanted the criminal charges dropped. Schmeets asked his daughter's boyfriend to convince his daughter to change her story regarding her discovery of the drug paraphernalia. Schmeets said he would give his daughter $5,000 to say she found the drug paraphernalia in a ditch.

[¶ 5] Schmeets later waved his daughter into a parking lot outside of the Harvey library. Schmeets sat in his daughter's car and told her to call the State's Attorney and tell him that she found the drug paraphernalia in a ditch, not on his property. He also told her to tell the State's Attorney that she originally said the drug paraphernalia was on Schmeets' property because she was mad at her fa-

ther. Schmeets told his daughter that he would have to go to jail if she did not change her story. He gave her the State's Attorney's phone number and offered her $5,000 to call the State's Attorney. Schmeets' daughter never contacted the State's Attorney.

[¶ 6] A criminal complaint alleging Schmeets tampered with a witness was filed, and a jury trial was held. The State's Attorney testified that the information provided by Schmeets' daughter to the police resulted in a search warrant, the execution of which led to the discovery of the paraphernalia that was the basis of the drug paraphernalia charges against Schmeets. He further testified that he did not intend to call Schmeets' daughter as a witness to prosecute the drug paraphernalia charges. She was not included on any lists of witnesses filed in that case. The district court dismissed the drug paraphernalia charges against Schmeets because evidence obtained under the search warrant was suppressed.

[¶ 7] In the witness tampering case, Schmeets' counsel moved for acquittal after the State rested its case and renewed the motion at the close of all evidence. The district court denied the motions. After the jury entered a guilty verdict, a criminal judgment for tampering with a witness was entered against Schmeets. Schmeets appeals, claiming that sufficient evidence was not presented at trial to convict him of tampering with a witness.

## II

[¶ 8] When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. *State v. Igou*, 2005 ND 16, ¶ 5, 691 N.W.2d 213.

The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. *Id.* "A conviction rests upon insufficient evidence only when no rational factfinder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor." *Id.*

## III

[¶ 9] Section 12.1–09–01, N.D.C.C., criminalizes tampering with witnesses and informants. It is a class C felony to use "force, threat, deception, or bribery" with "intent to influence another's testimony in an official proceeding." N.D.C.C. § 12.1–09–01(1)(a). "The gist of the offense is the willfull and corrupt attempt to interfere with and obstruct the administration of justice." *State v. Howe*, 247 N.W.2d 647, 653 (N.D.1976).

[¶ 10] In order for a defendant to be convicted of tampering with a witness, the defendant need not have succeeded at his or her attempt to tamper with the witness, the person tampered with need not be subpoenaed as a witness, the defendant need not have absolute knowledge that the person is expected to testify, and an official proceeding need not be pending or about to be instituted. *See* N.D.C.C. § 12.1–09–01; *State v. Howe*, 247 N.W.2d at 653.

[¶ 11] An attempt to tamper with a witness need not be successful in order to be punishable under N.D.C.C. § 12.1–09–01. *Howe*, 247 N.W.2d at 653. The "mere attempt" is punishable because "the damage has been done as soon as the endeavor is made." *Id.* As we explained in *State v. Howe*, private aggression defeats the function of the court when an attempt

to tamper with a witness is successful, and, if an attempt is not successful, then "the orderly processes of society have been challenged and an effort made to substitute fear of violence or disgrace for the fairness of due process." *Id.*

[¶ 12]  Nor does the person tampered with have to be under subpoena as a witness in order for a person to be convicted of tampering with a witness.  *Id.* "All that is necessary is that the person be one who knows or is supposed to know material facts and is expected to testify to them or be called on to testify." *Id.* Moreover, "[t]he defendant need not have absolute knowledge that the person is expected to testify; information or a reasonably founded belief will suffice." *Id.* The jury determines whether a defendant had information or a reasonably founded belief that the person tampered with was expected to testify. *Id.* The jury may infer this knowledge or belief from the circumstances of the case. *Id.*

[¶ 13]  Finally, an official proceeding does not have to be pending or about to be instituted in order for a person to be convicted of tampering with a witness or informant.  N.D.C.C. § 12.1–09–01(3)(c).

### IV

[¶ 14]  Schmeets argues the evidence presented at trial was insufficient to convict him of tampering with a witness. Schmeets contends that, even if he did do what the trial evidence suggested, his conduct did not meet the requirements to be convicted of tampering with a witness.  He also contends that his actions did not rise to the level of culpability required to be convicted of tampering with a witness.

[¶ 15]  Schmeets contends he cannot be convicted of tampering with a witness because his daughter, who was not listed as a witness in the drug paraphernalia case, was not a "witness" for purposes of the statute criminalizing tampering with witnesses.  He supports this contention with two authorities: Rule 7(g), N.D.R.Crim.P., which provides that a prosecuting attorney is to list the witnesses he plans to call on the indictment or information, and our decision in *State v. Manning*, 134 N.W.2d 91 (N.D.1965), a case in which we said that the law requires the names of witnesses on whose evidence the information is based be endorsed on the information.  *See id.* at 95.  As such, Schmeets asserts any "tampering" with his daughter would not constitute tampering with a witness.

[¶ 16]  The State argues that when the evidence is viewed in the light most favorable to the verdict, there is substantial evidence on the charge to support the guilty verdict.  The State asserts that Schmeets' argument that the State should be required to show that a person is listed on an information before there can be a conviction for tampering with a witness is unsupported by the law.  The State maintains that Schmeets' contentions are contrary to this Court's determination in *Howe* that the question of whether someone is a "witness" expected to testify or be called on to testify is a fact question for the jury.  The State argues that neither statutes nor case law require the prosecution to call a person to testify before that individual is considered a "witness" for purposes of tampering charges.

[¶ 17]  The State contends there was substantial evidence to establish that Schmeets attempted to bribe his daughter with the intent to influence her testimony in an official proceeding.  Schmeets' daughter and her former boyfriend testified that Schmeets offered $5,000 to his daughter if she would change her story about where she found drug paraphernalia. A law enforcement agent and the State's Attorney confirmed that the drug para-

phernalia charges were pending at the time Schmeets .asked his daughter to change her story. The State argues that Schmeets' daughter was a material witness because she was alone when she found the drug paraphernalia and would be expected to be called to testify. The State asserts that Schmeets offered to pay his daughter to change her story only because he had an expectation she would be called to testify in the Sheridan County case.

## V

[¶ 18]   After reviewing the record to determine if there was competent evidence allowing the jury to draw an inference reasonably tending to prove Schmeets' guilt and fairly warranting his conviction, we affirm the district court decision. The State correctly asserts that the appeal of a jury verdict on the basis of sufficiency of the evidence is subject only to a limited review by this Court. Schmeets did not meet his burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.

[¶ 19]   The record reveals that uncontroverted evidence was provided at trial that Schmeets approached both his daughter and her boyfriend in an attempt to bribe her to call the State's Attorney and change her story regarding where she found the drug paraphernalia her mother gave to the police department. Schmeets argues that his daughter was not a "witness," but under *Howe*, the threshold question for determining whether his daughter constitutes a "witness" for purposes of N.D.C.C. § 12.1–09–01 is whether Schmeets had a reasonably founded belief that she would testify. Here Schmeets believed his daughter would give testimony on his behalf. In *Howe*, we said that the person tampered with need not be under subpoena as a witness in order for someone else to be convicted of tampering with a witness. 247 N.W.2d at 653. Now, we similarly hold that the person tampered with need not be included on a witness list filed in a case in order for an individual to be convicted of tampering with a witness. The jury permissibly inferred from the evidence presented at trial that Schmeets had a reasonably founded belief that his daughter was expected to testify.

## VII

[¶ 20]   We, therefore, conclude that the evidence presented at trial was sufficient to convict Schmeets of tampering with a witness. We affirm the district court criminal judgment.

[¶ 21] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.