2008 ND 64

**CITY OF FARGO, Plaintiff
and Appellee**

v.

**Glenn Richard LEVINE, Defendant
and Appellant.**

No. 20070098.

Supreme Court of North Dakota.

April 17, 2008.

Renata June Olafson Selzer (submitted on brief), Fargo City Prosecutor's Office, Fargo, ND, for plaintiff and appellee.

Steven M. Light (submitted on brief), Larivee & Light, Fargo, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Glenn Levine appeals the district court's criminal judgment following his conditional guilty plea to the charge of driving under the influence under section 8–0310 of the Fargo Municipal Code. Levine argues the district court erred in denying Levine's motion to compel disclosure of the source code of the Intoxilyzer device. We affirm, concluding Levine failed to show Fargo had possession, custody or control of the code.

I

[¶ 2] On April 26, 2006, Levine was stopped for speeding and for running a stop sign. The arresting officer noted an odor of alcohol and other indications of intoxication. The officer claims Levine admitted to having several drinks. After field sobriety and preliminary breath testing, Levine was arrested and charged with

driving under the influence. Intoxilyzer results showed an alcohol concentration of 0.12 percent. As part of his defense, Levine moved to compel disclosure of the Intoxilyzer computer source code to verify the accuracy of the test results. A hearing on the motion was held October 17, 2006. At the hearing, Dr. Robert Howard, a chemist, testified on Levine's behalf. Howard is the chief operating officer of Medscan Laboratory and Advanced Drug Testing, a company providing third-party drug and alcohol testing for employers. Howard has used Intoxilyzer machines in his work with Medscan and has professional experience designing source code. Howard testified the source code used in Intoxilyzer machines varies among jurisdictions and, when purchasing a machine, the buyer specifies certain types of programming. He concluded that without access to the source code of a particular machine, the defendant cannot accurately challenge the reliability of the test results.

[¶ 3] Levine argued to the district court that the source code is stored in the Intoxilyzer machines and contains the "commands for sequencing the operation [of the machine,] ... data entry questions, ... operational parameters and mathematical formulas" required for breath testing. Fargo argued the source code was not discoverable because it is not within the "care[,] custody and control" of the City. After hearing these arguments, the district court denied the motion to compel disclosure.

[¶ 4] Levine appeals, claiming N.D.R.Crim.P. 16 requires disclosure of the source code because the rule is designed to provide the defendant access to incriminating evidence so he may better defend himself. He also argues he is entitled to the source code under the Sixth Amendment.

II

A

[¶ 5] We review discovery motions under the abuse of discretion standard. *Guskjolen v. Guskjolen*, 391 N.W.2d 639, 641 (N.D.1986). "A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misinterprets or misapplies the law." *Leet v. City of Minot*, 2006 ND 191, ¶ 7, 721 N.W.2d 398. "If a discovery violation is not of a constitutional magnitude, it is reversible error only upon a showing that the defendant has been denied substantial rights. No substantial rights are affected when the defendant was not significantly prejudiced by the discovery violation." *City of Grand Forks v. Ramstad*, 2003 ND 41, ¶ 25, 658 N.W.2d 731 (internal citations omitted).

[¶ 6] Rule 16(a)(1)(D) and (E), N.D.R.Crim.P., states:

"Upon a defendant's written request, the prosecuting attorney must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items, if the item is within the prosecution's possession, custody, or control, and:

(i) the item is material to preparing the defense;

(ii) the prosecution intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant."

"Upon a defendant's written request, the prosecuting attorney must permit a defendant to inspect and to copy or photograph the results or reports of any phys-

ical or mental examinations, and of any scientific tests or experiments if:

    (i)    the item is within the prosecution's possession, custody, or control;

    (ii)    the prosecuting attorney knows—or through due diligence could know—that the item exists; and

    (iii)    the item is material to preparing the defense or the prosecution intends to use the item in its case-in-chief at the trial."

If a party fails to disclose evidence under this rule, the district court may order disclosure, grant a continuance, exclude the evidence, excuse the disclosure or "enter any other order that is just under the circumstances." N.D.R.Crim.P. 16(d)(2).

■■■ [¶ 7] North Dakota adopted N.D.R.Crim.P. 16 from the Federal Rules of Criminal Procedure. *State v. Ensminger*, 542 N.W.2d 722, 723 (N.D.1996). No North Dakota cases explain the analytical framework for discovery in a criminal case when a party denies "possession, custody, or control" of evidence. "When a state rule is derived from a federal rule, we treat the federal interpretation of the rule as persuasive authority." *Id.* Under the federal rule, like the North Dakota rule, a defendant making a Rule 16 request must show the evidence is material to his defense. *See United States v. Little*, 753 F.2d 1420, 1445 (9th Cir.1984); *United States v. Cobb*, 271 F.Supp. 159, 162 (D.N.Y.1967). "[E]vidence is material if there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation . . . or assisting impeachment or rebuttal." *United States v. Graham*, 83 F.3d 1466, 1474 (D.C.Cir.1996) (quotations omitted). "Materiality is not established by a general description of the documents sought or by a conclusory argument that the requested

information was material to the defense." *Little*, 753 F.2d at 1445.

[¶ 8] Here, Levine attempted to establish materiality through testimony showing how the machine processes data and how it handles ambient interference. According to Levine the source code is necessary to his defense because the Intoxilyzer results depend heavily on these computations. The district court did not determine materiality; instead it concluded the dispositive question was whether the code was in Fargo's possession, custody or control.

■■■ [¶ 9] Before discovery will be ordered, the defendant must make a prima facie showing that the requested evidence is within the possession, custody or control of the government. *See* N.D.R.Crim.P. 16(a)(1)(D) and (E); *see also* Fed. R.Crim.P. 16(a)(1)(E) and (F); *United States v. Rosenberg*, 10 F.R.D. 521, 523 (D.N.Y.1950) (requiring a showing in the defendant's motion to compel that the Government had obtained documents). If the defendant makes a prima facie showing, the Government must disclose the evidence or, if the Government maintains the evidence is unavailable, it must make "every effort to account for their whereabouts and provide defendant with a written explanation for the same." *United States v. Konefal*, 566 F.Supp. 698, 707–08 (D.N.Y. 1983). In effect, the burden shifts to the Government to show the evidence is not in its possession, custody or control. *United States v. Bailleaux*, 685 F.2d 1105, 1113–14 (9th Cir.1982).

■■■ [¶ 10] Federal courts have applied this procedure not only to evidence alleged to be in the actual possession of the prosecution but also to evidence the prosecution could have obtained through reasonable diligence. *Bailleaux*, at 1113–14 (holding that after defendant's prima facie showing, disclosure is required if the existence of

the evidence "is known or could have become known to the attorney for the Government through the exercise of reasonable diligence"). Our case law echoes this position: "Limiting application of Rule 16 to materials in the actual possession of the prosecution 'unfairly allows the prosecution access to documents without making them available to the defense.'" *Ramstad*, 2003 ND 41, ¶ 19, 658 N.W.2d 731 (quoting *United States v. Robertson*, 634 F.Supp. 1020, 1025 (E.D.Cal.1986), *aff'd*, 815 F.2d 714 (9th Cir.1987)).

[¶ 11] Here, the district court concluded, "[t]his item is not in the possession, custody or control of the City of Fargo, [and] it will not be with any sort of diligence." The district court's conclusion here stands in contrast to *In re Comm'r of Pub. Safety*, 735 N.W.2d 706, 713 (Minn. 2007), where the source code for operation of the Intoxilyzer 5000 was discoverable. The Minnesota district court ordered discovery from the state after concluding the state owned the source code. *Id.* at 709. The conclusion was based on evidence that the code was created exclusively for Minnesota and on an "ownership of copyright" provision in Minnesota's contract documents with the manufacturer. *Id.* at 708–09.

[¶ 12] In our case, Levine offered no evidence that the Intoxilyzer software was created for Fargo or that Fargo owned the code. Nor did he provide evidence that Fargo was otherwise in possession or control of the computer code. In place of such evidence, Levine argued Fargo's possession and control of the Intoxilyzer machine was sine qua non possession of the source code. We reject the argument, as apparently did the district court, given the lack of proof showing Fargo had possession, custody or control of the source code.

[¶ 13] Furthermore, the failure to produce the source code was not in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Brady* instructs that a due process violation occurs when the prosecution suppresses evidence favorable to an accused "if the evidence is material to guilt or punishment." *State v. Muhle*, 2007 ND 132, ¶ 25, 737 N.W.2d 647. A threshold requirement for *Brady* is that the government possess the evidence. *See State v. Goulet*, 1999 ND 80, ¶ 15, 593 N.W.2d 345. We determined above that the district court did not err by concluding the code was not in Fargo's custody, possession or control for purposes of analysis under Rule 16. That conclusion also satisfies the *Brady* requirement with equal thrust.

[¶ 14] Levine failed to meet his prima facie burden of showing Fargo had possession, custody or control of the code. We therefore conclude the district court did not abuse its discretion by denying Levine's discovery motion.

### B

[¶ 15] Levine also argues the source code must be disclosed under the Sixth Amendment to the United States Constitution. Under the Sixth Amendment, a criminal defendant has the right to confront witnesses against him. *City of Fargo v. Komad*, 2006 ND 177, ¶ 5, 720 N.W.2d 619. The Sixth Amendment requires exclusion of testimonial statements of witnesses who fail to appear at trial unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

[¶ 16] Levine claims the Intoxilyzer should be treated as a witness and examination of the source code should be a prerequisite for admission of the device's "testimony" or test results. This Court

has not determined whether reports generated by laboratory equipment are testimonial under *Crawford. State v. Campbell*, 2006 ND 168, ¶ 11, 719 N.W.2d 374. Even if the results were determined testimonial, N.D.C.C. § 39–20–07(5) designates the "director or an employee of the state crime laboratory" as the proper source of information about testing devices and methodology. While the machine may not be "cross-examined" directly, the defendant has the opportunity to cross-examine the "director or an employee of the state crime laboratory," who has been designated to speak to the accuracy of the test results. *See Berger v. State Highway Comm'r*, 394 N.W.2d 678, 686 (N.D.1986) (stating accuracy of test results should be challenged by cross-examination of the State Toxicologist). Levine chose to plead guilty rather than to avail himself of the right to cross-examine the State Toxicologist. The requirement of confrontation under the Sixth Amendment has been satisfied. *See Campbell*, 2006 ND 168, ¶ 13, 719 N.W.2d 374.

### III

[¶ 17] We affirm the district court's judgment, concluding the district court did not abuse its discretion in denying Levine's motion to compel disclosure of the source code because Levine failed to show Fargo had possession, custody or control of the code.

[¶ 18] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.