2015 ND 68

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Billy OWENS, Defendant and Appellant.**

**Nos. 20140142, 20140143.**

Supreme Court of North Dakota.

March 24, 2015.

Nathan K. Madden, Assistant State's Attorney, Williston, N.D., for plaintiff and appellee.

Lee M. Grossman, Valley City, N.D., for defendant and appellant; submitted on brief.

McEVERS, Justice.

[¶ 1] Billy Owens appeals from criminal judgments entered after a jury found him guilty of leading a criminal association to commit felonious acts and of conspiracy to commit aggravated assault. We conclude Owens was not deprived of his right to a speedy trial, the district court did not abuse its discretion in determining the State did not violate the discovery requirements of N.D.R.Crim.P. 16, the evidence was sufficient to support the jury verdicts, and the prosecutor's comments to the jury during final argument did not constitute prosecutorial misconduct. We affirm.

## I

[¶ 2] In a June 28, 2012 complaint, the State charged Owens with leading a criminal association for purposes of committing felonious acts under N.D.C.C. § 12.1–06.1–02 and with conspiracy to commit aggravated assault under N.D.C.C. §§ 12.1–06–04(1) and 12.1–17–02 for allegedly agreeing with one or more individuals to inflict serious bodily injury on Kenneth Moore. According to the State, the charges for leading a criminal association stemmed from an alleged drug dealing operation by a group of individuals in the Williston area, which was led by Owens and included Moore, Dallas Wellard, and Paul Huckstep. The conspiracy charges stemmed from Owens allegedly offering a reward for an assault on Moore after a disagreement with him.

[¶ 3] On January 3, 2013, Owens filed a demand for a speedy trial under N.D.C.C. § 29–01–06 and an anticipated five-day jury trial was scheduled to begin on April 1, 2013. On March 12, 2013, the district court allowed Owens' court-appointed at-torney to withdraw due to a breakdown in the attorney-client relationship and granted Owens a continuance after informing him there was good cause for a trial outside the ninety-day speedy trial requirement of N.D.C.C. § 29–19–02. The court informed Owens the initial trial date had been set with "significant wiggling around of other court calendars" to comply with Owens' speedy trial request and Owens indicated he understood there was good cause for trial outside the ninety-day window. Another attorney was subsequently appointed to represent Owens, and in April 2013, the anticipated five-day jury trial was rescheduled to begin on October 7, 2013.

[¶ 4] In May 2013, Owens moved for reconsideration of his speedy trial claim, and on June 10, 2013, the court denied his motion. On June 27, 2013, Owens moved to dismiss the prosecution, claiming a violation of his right to a speedy trial. The court denied Owens' motion.

[¶ 5] In October 2013, the State moved to allow the admission at trial of Moneygram receipts in the possession of Wellard, an individual also involved with the criminal association. Owens moved to suppress the receipts, claiming they were not disclosed in a timely manner under N.D.R.Crim.P. 16. The district court ruled there was not a discovery violation under N.D.R.Crim.P. 16, because the receipts were not in the State's possession and could not have been discovered by the State with reasonable diligence. The court allowed the admission into evidence of the receipts at trial, and a jury thereafter found Owens guilty of both charges.

## II

[¶ 6] Owens argues the district court erred in denying his motion to dismiss the prosecution on the ground he was denied his right to a speedy trial. He claims the

delay of more than one year from the beginning of the prosecution until trial is presumptively prejudicial, and he never relinquished his speedy trial demand. He argues that although he sought and obtained a new court-appointed attorney, he did not consent to his trial being delayed from April 2013 until October 2013, and he asserts the jury trial should have been rescheduled within the ninety-day speedy trial window. He claims he was prejudiced by the delay, because the State would not have had access to the Moneygram receipts without the delay, and he argues the charges against him should have been dismissed.

[¶ 7] The State responds the district court correctly decided Owens waived his speedy trial demand and was not prejudiced by delay caused by his actions. The State claims the additional delay was created when Owens effectively fired his first court-appointed attorney and was informed that changing counsel constituted a waiver and would delay his trial outside the ninety-day speedy trial window. The State argues Owens was not prejudiced by the delay.

[¶ 8] A criminal defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by N.D. Const. art. I, § 12. *See* N.D.C.C. § 29–01–06(5). Under N.D.C.C. § 29–19–02, the State and the defendant have the right to a speedy trial, but a court may continue a case for good cause. The court may dismiss a prosecution if there is an unnecessary delay in bringing a defendant to trial. N.D.R.Crim.P. 48(b).

[¶ 9] In *State v. Fischer,* 2008 ND 32, ¶¶ 29–30, 744 N.W.2d 760 (quoting *State v. Bergstrom,* 2004 ND 48, ¶ 15, 676 N.W.2d 83), this Court discussed considerations for evaluating speedy-trial claims:

In *State v. Erickson,* 241 N.W.2d 854, 859 (N.D.1976), this Court adopted the

United States Supreme Court balancing test announced in *Barker v. Wingo,* 407 U.S. 514 [92 S.Ct. 2182, 33 L.Ed.2d 101] (1972), which is used to evaluate the validity of a speedy trial claim under the United States Constitution, and now, the North Dakota Constitution, and the North Dakota statute. N.D.C.C. § 29–01–06(5). The test requires balancing four factors: length of the delay, reason for the delay, proper assertion of the right, and actual prejudice to the accused. *State v. Murchison,* 541 N.W.2d 435, 438 (N.D.1995) (citing *Barker,* 407 U.S. at 531–33 [92 S.Ct. 2182] ). In *Barker v. Wingo,* the Supreme Court of the United States held:

We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

*Barker,* 407 U.S. at 533 [92 S.Ct. 2182] (footnote omitted); *see also State v. Johnson,* 1999 ND 33, ¶ 21, 590 N.W.2d 192.

We review a district court's speedy trial decision de novo, with the district court's findings of fact reviewed under the clearly erroneous standard of review. *State v. Moran,* 2006 ND 62, ¶ 8, 711 N.W.2d 915.

A delay of one year or more is " 'presumptively prejudicial,' " triggering an

analysis of the other speedy trial factors. *Moran,* 2006 ND 62, ¶ 9, 711 N.W.2d 915 (quoting *Doggett v. United States,* 505 U.S. 647, 651–52 [112 S.Ct. 2686, 120 L.Ed.2d 520] (1992)).

[¶ 10] The State charged Owens with these crimes on June 28, 2012, and he made his speedy trial demand on January 3, 2013. The scheduled five-day trial was originally set to begin on April 1, 2013, and the trial ultimately began on October 7, 2013, after Owens fired his first court-appointed counsel and a second court-appointed counsel was assigned to represent him. In allowing Owens' first court-appointed counsel to withdraw and continuing the trial, the district court explained the initial date for the anticipated five-day jury trial had been set with "significant wiggling around of other court calendars" to accommodate Owens' demand for a speedy trial. The court informed Owens there was good cause for trial outside the ninety-day window and Owens indicated his understanding. Part of the court's decision denying Owens' motion for reconsideration of the speedy trial issue indicates the projected length of the five-day trial and the need for new counsel to prepare for trial did not support his request for reconsideration of that issue. The court also agreed with the State that Owens' actions in requesting a continuance and effectively firing his first court-appointed attorney were the reasons for the delay. Although Owens' speedy trial rights did not disappear after the court granted him an initial continuance, the record indicates the reason for the delay was precipitated by Owens' actions and the extent of the delay involved reasonable scheduling considerations for an anticipated five-day jury trial and the designation of a second court-appointed counsel to represent Owens. Balancing the factors for evaluating speedy trial claims, we conclude Owens was not deprived of his right to a speedy trial under the circumstances of this case.

III

[¶ 11] Owens argues the district court erred in admitting the Moneygram receipts into evidence at trial because the receipts were not provided to him during discovery under N.D.R.Crim.P. 16(a)(1)(D) until October 2, 2013, which was only days before the October 7, 2013, jury trial. He claims he was prejudiced by the late disclosure because there was no time to investigate the veracity of the receipts. The State argues the court did not abuse its discretion in determining there was no violation of N.D.R.Crim.P. 16 and admitting the receipts into evidence because they were in the possession of Wellard, an uncooperative codefendant, until shortly before trial. The State asserts it provided the receipts to Owens' counsel via email within two hours after receiving the receipts from Wellard's counsel and argues it complied with N.D.R.Crim.P. 16.

[¶ 12] Rule 16, N.D.R.Crim.P., governs discovery in criminal cases and provides that upon a defendant's written request, the State must permit the defendant to inspect and copy documents if the items are in the prosecution's possession, custody, or control and the prosecution intends to use the items in its case-in-chief or the items are material to preparing a defense. N.D.R.Crim.P. 16(a)(1)(D). If the prosecution fails to disclose evidence, the court may order disclosure, grant a continuance, exclude the evidence, excuse the disclosure, or enter any other appropriate order. N.D.R.Crim.P. 16(d). Rule 16, N.D.R.Crim.P., is a discovery rule, not a constitutional mandate, and is designed to further the interests of justice. *City of Grand Forks v. Ramstad,* 2003 ND 41, ¶ 17, 658 N.W.2d 731.

[¶ 13] We review a district court's decision regarding claimed discovery violations under the abuse-of-discretion standard. *City of Fargo v. Levine,* 2008 ND 64, ¶ 5, 747 N.W.2d 130; *State v. Loughead,* 2007 ND 16, ¶ 17, 726 N.W.2d 859; *Ramstad,* at ¶ 17. " 'A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misinterprets or misapplies the law.' " *Levine,* at ¶ 5 (quoting *Leet v. City of Minot,* 2006 ND 191, ¶ 7, 721 N.W.2d 398).

[¶ 14] Rule 16(a)(1)(D), N.D.R.Crim.P., requires disclosure of information or documents that are in the State's possession, custody, or control, or that the prosecution could have obtained through reasonable diligence. *Levine,* 2008 ND 64, ¶¶ 9–10, 747 N.W.2d 130. The record establishes the Moneygram receipts were in the possession of another defendant involved in the criminal association, Wellard, until the State received the receipts from his counsel on October 2, 2013, and provided them to Owens' counsel via email within hours. *See State v. Norman,* 507 N.W.2d 522, 526–27 (N.D.1993) (holding no violation of N.D.R.Crim.P. 16 where evidence disclosed to defendant immediately upon discovery by prosecutor). The district court ruled the receipts were not in the possession of the State and the State could not have discovered them with reasonable diligence. The court determined there was not a violation of N.D.R.Crim.P. 16. On this record, we conclude the court did not act arbitrarily, unconscionably, or unreasonably, or misapply the law in determining the State did not violate N.D.R.Crim.P. 16. We therefore conclude the court did not abuse its discretion in ruling on the claimed discovery violation.

## IV

[¶ 15] Owens argues the evidence was insufficient to support his convictions.

[¶ 16] In *State v. Ostby,* 2014 ND 180, ¶ 20, 853 N.W.2d 556 (quoting *State v. Coppage,* 2008 ND 134, ¶ 24, 751 N.W.2d 254), we recently outlined our standards for reviewing sufficiency of the evidence claims:

> "When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction." *State v. Schmeets,* 2007 ND 197, ¶ 8, 742 N.W.2d 513. "The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." *Id.* "A conviction rests upon insufficient evidence only when no rational factfinder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor." *Id.*

[¶ 17] There was testimony during the trial of Owens supplying drugs to individuals for sale and offering a reward for kicking Moore's teeth in. Viewing the evidence in the light most favorable to the State and giving the State the benefit of all favorable inferences, there is evidence in this record to support the jury verdicts finding that Owens conspired to commit aggravated assault on Moore and that Owens led a criminal association to commit felonious acts in North Dakota. On appeal, we do not resolve conflicts in the evidence or reweigh the credibility of witnesses. *State v. Maki,* 2009 ND 123,

¶ 7, 767 N.W.2d 852. We conclude a reasonable trier of fact could have found Owens guilty of both charges. We therefore conclude there was sufficient evidence to support the convictions.

## V

[¶ 18] Owens argues the State committed prosecutorial misconduct during closing argument when the prosecutor effectively claimed Owens was not credible because he listened to all the witnesses' testimony before choosing to testify on his own behalf. Owens concedes he did not object to the prosecutor's statement, but claims the argument constitutes obvious error affecting his substantial rights because it commented on his right to be present at trial to confront witnesses.

[¶ 19] During the State's initial closing argument, the prosecutor stated:

Now, unlike the defendant who had the opportunity to sit and listen to every, single other witness before formulating his responses, Special Agent Remus wasn't here to hear Dallas Wellard. She wasn't here to hear Kenneth Moore. Wellard did not hear the testimony of the other two, and neither did Mr. Moore.

[¶ 20] A district court has discretion to control closing arguments. *State v. Clark*, 2004 ND 85, ¶ 7, 678 N.W.2d 765. We will not reverse a district court's control of closing argument absent a clear abuse of discretion. *Id.* If the defendant does not object during closing argument, we will not reverse unless the challenged remarks constitute obvious error affecting a defendant's substantial rights. *State v. Evans*, 1999 ND 70, ¶ 9, 593 N.W.2d 336. To establish obvious error, a defendant must show: (1) error; (2) that is plain; and (3) affects substantial rights. *State v. Olander*, 1998 ND 50, ¶¶ 14–16, 575 N.W.2d 658.

[¶ 21] The United States Supreme Court has specifically held if a defendant decides to testify at trial, a prosecutor may question the defendant's credibility during final summation by arguing to the jury the defendant's presence during trial allowed the defendant to listen to the other witnesses' testimony before testifying. *Portuondo v. Agard*, 529 U.S. 61, 65–75, 120 S.Ct. 1119, 146 L.Ed.2d 47 (2000). In *Portuondo*, the United States Supreme Court held the prosecutor's argument did not violate the defendant's Fifth and Sixth Amendment rights or the defendant's due process rights. *Id.* Under *Portuondo*, we conclude the prosecutor's comments during closing argument did not constitute prosecutorial misconduct.

## VI

[¶ 22] We affirm the judgments.

[¶ 23] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.