STATE of North Dakota, Plaintiff
and Appellee,

v.

Eldor MILLER and Ida Miller,
Defendants and Appellants.

Cr. No. 989.

Supreme Court of North Dakota.

Oct. 30, 1984.

Alan Duppler, State's Atty., Stanton, for plaintiff and appellee.

Hagen, Quast & Alexander, Beulah, for defendant and appellant Eldor Miller; argued by Larry Quast, Beulah.

Mahoney & Mahoney, Center, for defendant and appellant Ida Miller; argued by Ann Mahoney, Center.

SAND, Justice.

Eldor Miller and Ida Miller, husband and wife, appealed from criminal judgments following a jury verdict which found them guilty of defrauding a secured creditor, a violation of North Dakota Century Code § 12.1–23–08.

In 1977 Eldor signed a promissory note for a $20,000 loan from the Union State

Bank of Hazen. On 25 June 1981 Eldor and Ida renewed this loan with the Union State Bank by jointly executing two new promissory notes. To secure these new notes Eldor and Ida both signed a security agreement which pledged as collateral

"800 bushels of durum

"HRS wheat stored in a 38 × 80 ft. steel quonset, filled three-fourths of capacity, containing 7500 bushels more or less."

On 21 January 1982 a Union State Bank employee, with Eldor's assistance, inspected the Miller farm and determined that approximately 8,500 bushels of HRS wheat was stored on the farm.

The two notes executed on 25 June 1981 became delinquent and Union State Bank brought an action thereon and obtained a judgment against Eldor and Ida. On 6 May 1983 Union State Bank instructed the Mercer County sheriff to satisfy its judgment by levying on the hard red spring wheat pledged as collateral and located on the Miller farm. However, upon inspection the sheriff located only 261 bushels of hard red spring wheat. On 29 June 1983 Eldor and Ida were charged with defrauding a secured creditor upon a complaint signed by the president of the Union State Bank.

A jury trial was held and following the conclusion of the State's case both Eldor and Ida moved for judgment of acquittal claiming the State failed to produce sufficient evidence to support a guilty verdict. Eldor and Ida argued that the State had offered only circumstantial evidence which failed to prove beyond a reasonable doubt they had committed each element of the crime charged. The court denied this motion. The jury then found both defendants guilty.

The court sentenced Eldor to one year at the North Dakota state farm, suspended 355 days for a period of one year and placed him on unsupervised probation. The court further ordered Eldor to pay Ida's $500 fine, make restitution to the Union State Bank for $26,493.00, and to pay one-half of the costs of his prosecution. Ida was also sentenced to one year, all but five days being suspended, and placed on unsupervised probation. Ida was also ordered to pay a $500 fine and one-half the costs of the prosecution.

On appeal Eldor and Ida contended the evidence presented at trial was insufficient to sustain their convictions of defrauding a secured creditor.

■ The standard of review regarding the sufficiency of the evidence is the same whether the challenge is made at the conclusion of the State's case pursuant to NDRCrimP 29 or following a guilty jury verdict: we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead we look only to the evidence most favorable to the verdict and the reasonable inferences which may be drawn therefrom to determine if substantial evidence exists to support the conviction. *State v. Kringstad,* 353 N.W.2d 302, 306 (N.D.1984).

■ The fact a guilty verdict is based upon circumstantial evidence, as is the case here, does not alter the standard of review. A verdict founded upon circumstantial evidence carries the same presumption of correctness as other verdicts and our role on appeal is to merely review the record to determine if the record reflects competent evidence that allowed the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction beyond a reasonable doubt. *State v. Lawenstein,* 346 N.W.2d 292, 293 (N.D.1984).

■ Because the State is required to prove each element of the offense charged beyond a reasonable doubt, *State v. Hatch,* 346 N.W.2d 268, 276 (N.D.1984), the appellate court must necessarily determine if sufficient evidence was presented to establish each of the essential elements of the offense charged.

■ To warrant Eldor and Ida's convictions of violating NDCC § 12.1–23–08 the State had to prove beyond a reasonable doubt Eldor and Ida destroyed, concealed, encumbered, transferred, or otherwise dealt with the 7,500 bushels of wheat represented by the security trust with intent

to prevent collection of the debt they owed to Union State Bank.

After a careful review of the record we are convinced it does not contain sufficient evidence, circumstantial or otherwise, which would have allowed a jury to infer beyond a reasonable doubt that Eldor and Ida committed the elements of the offense necessary to warrant a conviction under NDCC § 12.1–23–08.

In essence, the State's case was that on 21 January 1982 approximately 8,500 bushels of wheat which was pledged by Eldor and Ida as collateral pursuant to a security agreement with Union State Bank were stored in a quonset on the Miller farm; on 6 May 1983 only 261 bushels of wheat could be located on the farm; *ergo* Eldor and Ida destroyed, removed, or otherwise dealt with the wheat with the intent to prevent collection of the bank's loan.

■ To accept this syllogism put forth by the State would be to render NDCC § 12.1–23–08 a super strict or absolute liability offense, which, with its culpability requirement, it clearly is not. *Cf. State v. McDowell,* 312 N.W.2d 301 (N.D.1981), *cert. denied,* 459 U.S. 981, 103 S.Ct. 318, 74 L.Ed.2d 294 (1982).

■ Because NDCC § 12.1–23–08 is not a strict or absolute liability offense the State must prove a defendant's culpability beyond a reasonable doubt. However, in this case the evidence was insufficient to permit the jury to infer that Eldor and Ida destroyed, concealed, encumbered, transferred, or otherwise dealt with the wheat at all, let alone dealt with it with intent to defraud the Union State Bank. A jury is not justified in convicting a defendant on the basis of mere suspicion, speculation, conjecture, passion, prejudice, or sympathy. *United States v. Richmond,* 700 F.2d 1183 (8 Cir.1983); *United States v. DuBois,* 645 F.2d 642 (8 Cir.1981).

Without weighing the evidence and viewing it most favorably to the verdict we conclude the evidence was insufficient to sustain the convictions of Eldor Miller and Ida Miller. Because of this conclusion it is unnecessary to decide any of the additional contentions raised by Eldor. Accordingly, the judgments of convictions are vacated and the county court is instructed to enter judgments of acquittal in favor of Eldor Miller and Ida Miller.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.