2016 ND 11

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jeremy David HANNAH, Defendant and Appellant.**

**No. 20150144.**

Supreme Court of North Dakota.

Jan. 14, 2016.

Charles B. Neff, McKenzie County Assistant State's Attorney, Watford City, ND, for plaintiff and appellee.

Ashley M. Gulke, Minot, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Jeremy Hannah appealed from a criminal judgment entered after a jury found him guilty of simple assault-domestic violence. We affirm.

I

[¶ 2] On October 8, 2014, Watford City Police responded to a call reporting an assault occurring in a vehicle parked along a downtown street. The reporting witness alleged to have seen an individual in the vehicle's driver's seat repeatedly hitting another individual in the passenger's seat. After responding to the call, the officers identified Hannah as the individual in the vehicle's driver's seat. The officers arrested Hannah and the State charged him with simple assault-domestic violence under N.D.C.C. §§ 12.1–17–01(1)(a), (2)(b).

[¶ 3] At trial, the reporting witness testified that upon leaving her office she witnessed what she perceived to be a scuffle occurring in a vehicle. Unsure about what she was seeing, the witness moved to a better vantage point. The witness testified she saw a male, later identified as Hannah, hitting the alleged female victim repeatedly in the upper-body in what the witness described as a pummeling motion. The witness further testified the female raised her arms for protection. The witness testified she saw the female exit the vehicle with a red face, although the witness did not know why the female's face was red. If put in these same circumstances, the witness testified she would have felt pain.

[¶ 4] The State also called the officers as witnesses. One officer testified to witnessing a fresh laceration on Hannah's hand. A second officer testified he did not observe any physical injuries to the female, although she appeared upset after the incident. He also testified he previously investigated situations of domestic assaults involving no visible physical injury and these situations are not uncommon because any injury may be delayed in appearing depending on the type of injury. A third officer also testified it is not unusual to investigate domestic assaults involving no readily apparent injury.

[¶ 5] Hannah and the alleged victim testified. Both testified they were in a dating relationship at the time the alleged assault occurred. The alleged victim testified she and Hannah were arguing about

the vehicle keys, but Hannah did not strike her, she did not raise her arms in defense, and she did not feel pain as a result of Hannah's actions. The alleged victim admitted she had previously been convicted of providing false information to law enforcement. Hannah testified he did not hit the alleged victim and only slight physical contact occurred in the vehicle. He also testified he had a fresh cut on his arm at the time the officers responded to the incident. Hannah also presented photographs of the alleged victim's face, taken by the alleged victim approximately two hours after the alleged assault, showing no signs of physical injury.

[¶ 6] After Hannah rested, he moved for a judgment of acquittal under N.D.R.Crim.P. 29. The district court denied the motion, concluding it was for the jury to resolve the disputed issues of fact. The jury found Hannah guilty of simple assault-domestic violence under N.D.C.C. §§ 12.1–17–01(1)(a), (2)(b). The district court entered judgment against Hannah for a class B misdemeanor. Hannah again moved for acquittal under Rule 29, which the district court again denied, concluding a rational fact finder could have found the alleged victim suffered physical pain and bodily injury based upon the testimony presented at trial.

## II

[¶ 7] On appeal, Hannah argues the evidence is insufficient to support the jury finding him guilty of simple assault-domestic violence. When a defendant challenges the sufficiency of evidence supporting a verdict, we apply the following standard of review:

> In an appeal challenging the sufficiency of the evidence, we look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction. A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses.

*State v. Rufus*, 2015 ND 212, ¶ 6, 868 N.W.2d 534 (quoting *State v. Corman*, 2009 ND 85, ¶ 8, 765 N.W.2d 530).

[¶ 8] Under N.D.C.C. § 12.1–17–01(1)(a), a "person is guilty of [simple assault] if that person: a. Willfully causes bodily injury to another human being." Bodily injury "means any impairment of physical condition, including physical pain." N.D.C.C. § 12.1–01–04(4). A first time offender under N.D.C.C. § 12.1–17–01(2)(b) is guilty of a class B misdemeanor when the victim is a member of the individual's family or household. N.D.C.C. § 12.1–17–01(2)(b). Individuals in a dating relationship are considered family or household members under N.D.C.C. § 12.1–17–01(2)(b). N.D.C.C. § 14–07.1–01(4). Hannah does not argue the alleged victim did not qualify as a member of his family or household under N.D.C.C. § 12.1–17–01(2)(b). Accordingly, this appeal concerns whether there was sufficient evidence to conclude Hannah caused bodily injury, as defined by N.D.C.C. § 12.1–01–04(4), to the alleged victim.

[¶ 9] Hannah's primary argument is there was insufficient evidence to support the jury's verdict because the alleged victim testified she did not feel any pain. In doing so, Hannah argues an alleged victim is the only individual qualified to testify regarding pain they may have experienced and, without direct testimony

to this effect, a defendant cannot be convicted of assault absent a showing of physical impairment. Pain, which is a qualifying, but not necessary, circumstance of bodily impairment under N.D.C.C. § 12.1–01–04(4), is a phenomenon of common experience and understanding. *Rogers v. State*, 272 Ind. 65, 396 N.E.2d 348, 352 (1979). We have long recognized juries may draw rational inferences based upon common knowledge in reaching a verdict, and that is not only permissible but also desirable. *State v. Bitz*, 2008 ND 202, ¶ 10, 757 N.W.2d 565. We have also consistently said "[t]he tasks of weighing the evidence and judging the credibility of the witnesses belong to the jury." *State v. Bell*, 2002 ND 130, ¶ 25, 649 N.W.2d 243. Because pain is a matter of common experience and understanding, and juries are capable of weighing conflicting accounts of whether someone experienced pain, juries may render verdicts commensurate with the amount of pain experienced, as inferred by the jury. *See, e.g., Barta v. Hinds*, 1998 ND 104, ¶ 9, 578 N.W.2d 553 (stating "a jury's determination of noneconomic damages for pain, discomfort, and mental anguish mainly rests within its sound discretion because such determination is largely dependent upon the jury's common knowledge, good sense, and practical judgment."). How much weight, if any, should be given to a victim's testimony regarding pain is a question solely within the jury's province. Where a jury finds testimony other than the alleged victim's more credible and accords weight as such, we will not disturb the jury's according on appeal. *Rufus*, at ¶ 6.

■ [¶ 10] Here, a rational fact finder could have found Hannah guilty of simple assault-domestic violence under N.D.C.C. §§ 12.1–17–01(1)(a), (2)(b). The reporting witness testified to seeing Hannah strike the alleged victim repeatedly in the upper-body. One of the arresting officers testified Hannah had a fresh laceration on his arm after the alleged assault, and Hannah admitted as much when he testified. The reporting witness testified the alleged victim was red in the face after the alleged assault, although she did not know the cause of such redness, and one of the arresting officers testified the alleged victim appeared distraught. The reporting witness also testified she would have felt pain if placed under the same circumstances. Although the photographs in evidence show no injury, multiple officers also testified it was not uncommon to investigate instances of assault in which there was no indication of physical injury. Moreover, the reporting witness testified the alleged victim raised her arms to protect her face, indicating any evidence of physical injury would be on her arms, not her face. Giving the verdict all reasonable inferences, a rational fact finder could have found, beyond a reasonable doubt, Hannah assaulted the alleged victim.

■ [¶ 11] Nevertheless, Hannah argues his conviction cannot be upheld because the only testimony the State offered to prove the alleged victim experienced pain was the testimony of the reporting witness. Because pain is subjective, Hannah argues the reporting witness's testimony she would have felt pain was speculative, rendering the jury's verdict speculative. Certainly, "[a] jury is not justified in convicting a defendant on the basis of mere suspicion, speculation, conjecture, passion, prejudice, or sympathy." *State v. Miller*, 357 N.W.2d 225, 227 (N.D.1984). While Hannah is correct the alleged victim was the only individual who could say with absolute certainty whether she experienced pain, the beyond a reasonable doubt standard does not mean beyond all possible doubt. *State*

*v. Azure,* 525 N.W.2d 654, 659 (N.D. 1994). After the jury coupled its common experiences and understanding of pain with the reporting witness's account, the jury had a rational basis on which to base its verdict, raising the verdict beyond mere speculation. Although not explicitly stating so, Hannah essentially argues the jury ascribed too much weight to the reporting witness's testimony and the jury should have given more weight to the alleged victim's testimony. Again, we do not second-guess a jury's credibility determinations. *Rufus,* at ¶ 6.

[¶ 12] Hannah argues affirming an assault conviction where a victim testifies to not have experienced pain and where there is no indicia of physical injury would be poor public policy. Hannah argues this would open the floodgates to vindictive, harassing assault claims. We disagree. Numerous procedural safeguards, which, among others, include prosecutorial discretion, the right to counsel, and the right to cross-examination, ensure any unmerited claims are sufficiently vetted, preventing the proliferation of assault claims warned by Hannah. Moreover, adopting Hannah's argument could be contrary to public policy. Prosecution of assault charges stemming from domestic disputes present unique challenges, including a lack of victim participation. *See, e.g., State v. Taylor,* 689 N.W.2d 116, 127 n. 5 (Iowa 2004). Under Hannah's reasoning, the State would be unable to convict a defendant on an assault charge where there was no indicia of physical impairment and the alleged victim was uncooperative because, under N.D.C.C. § 12.1–17–01(1)(a), the State would have to prove the alleged victim suffered pain. *See* N.D.C.C. § 12.1–01–04(4) (defining bodily injury as "any impairment of physical condition, including physical pain."). This would not be possible because of the alleged victim's lack of cooperation. We decline to impose such an impediment.

### III

[¶ 13] We affirm the district court's judgment.

[¶ 14] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.