# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

### 2019 ND 86

---

State of North Dakota,                                                                 Plaintiff and Appellee

v.

John Phillip Hamre,                                                              Defendant and Appellant

---

### No. 20180055

---

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Nicholas S. Samuelson (argued), under the Rule on Limited Practice of Law by Law Students, and Tristan J. Van de Streek (appeared), Assistant State's Attorney, Fargo, North Dakota, for plaintiff and appellee.

Samuel A. Gereszek, East Grand Forks, Minnesota, for defendant and appellant.

**State v. Hamre**

**No. 20180055**

**Tufte, Justice.**

[¶1] John Hamre appeals from a judgment entered after a jury found him guilty of two counts of simple assault on a peace officer, one count of fleeing or attempting to elude a peace officer, and one count of preventing arrest. Hamre argues he was denied his state and federal constitutional rights to a speedy trial, he was denied an evidentiary hearing on his motion to dismiss, and the evidence was insufficient to support the convictions. We affirm the judgment.

I

[¶2] On June 16, 2017, the State charged Hamre with two counts of simple assault on a peace officer, one count of preventing arrest, and one count of fleeing or attempting to elude a peace officer. The charges related to incidents on June 5, 2017, when Fargo Police Detective Phil Swan stopped a vehicle driven by Hamre for expired license plates and Hamre drove away from the scene of the stop after surrendering his driver's license to Detective Swan, and on June 15, 2017, when Detectives Swan and Brent Malone approached Hamre at a Fargo storage unit and an altercation occurred.

[¶3] After an initial appearance on June 16, 2017, the district court set bail for Hamre at $20,000, and he remained in jail pending his trial. The court's scheduling order set Hamre's preliminary hearing for July 19, 2017, a motions hearing for September 18, 2017, a dispositional conference for September 20, 2017, and a jury trial for October 3, 2017. On June 22, 2017, counsel was appointed to represent Hamre, and he was arraigned after a contested preliminary hearing on July 19, 2017. The court thereafter denied his request for a bail reduction.

[¶4] At the September 20, 2017, dispositional conference, Hamre indicated that his counsel had not filed his requested motion to dismiss for a claimed failure to follow

police protocol in arresting him on June 15, 2017, on an outstanding Clay County, Minnesota, warrant. Hamre stated that he may represent himself, he wanted a hearing on his motion, and he wanted more time. The court informed him a hearing must be properly noticed and continued the proceeding until its next scheduled date for a dispositional conference on October 18, 2017. That continuance effectively continued the jury trial scheduled for October 3, 2017.

[¶5] On October 11, 2017, Hamre filed a letter with the district court, seeking to dismiss his court-appointed counsel and represent himself and requesting a speedy trial. Hamre's court-appointed counsel contemporaneously moved to withdraw as counsel. At an October 17, 2017, hearing the district court informed Hamre about the requirements for self-representation and found that he knowingly and voluntarily waived his right to counsel. The court granted Hamre's court-appointed counsel's motion to withdraw as counsel of record, but required her to appear as standby counsel. Hamre stated he wanted a hearing on his yet unfiled motion to dismiss, and the court continued the dispositional conference scheduled for the next day so Hamre could notice a hearing on his anticipated motion. The court advised Hamre to comply with applicable procedures for hearing motions based upon a notice of motion, and Hamre indicate he wanted time to make a motion. The court thereafter scheduled another dispositional conference for November 20, 2017.

[¶6] On November 6, 2017, Hamre filed another letter with the district court, again requesting a speedy trial. At the November 20, 2017, dispositional conference, Hamre filed a self-represented motion to dismiss, citing N.D.R.Crim.P. 48 and N.D.R.Ct. 3.2 and claiming "malicious abuse of legal process and police protocol negligence." Hamre's motion stated:

> that when police can see that a warrant is extraditable, they are required via protocol to call dispatch/jail, requesting agency to confirm the warrant. *Once the warrant is confirmed, they are good to arrest.* Again the protocol is, whether they (police) can see themselves on the NCIC database that the warrant is extraditable or not, they will be told it is or is not when they call dispatch to confirm. Dispatch/jail/requesting agency must be called either way to confirm

2

the warrant, whether the officer can see it is extraditable via the NCIC database, or not.

Hamre also indicated he again wanted court-appointed counsel, and the court continued the dispositional conference to December 20, 2017, so Hamre could reapply for court-appointed counsel.

[¶7] On November 27, 2017, the State responded to Hamre's motion to dismiss, arguing it did not articulate any coherent theory for suppression of evidence or dismissal. On November 30, 2017, Hamre filed a letter with the court, again requesting a speedy trial. On December 1, 2017, Hamre filed his second request for court-appointed counsel, and a different court-appointed counsel was ultimately appointed to represent him on December 8, 2017. On December 11, 2017, the State filed a response to Hamre's most recent request for a speedy trial, indicating the State was ready for trial as soon as a date was available on the court's calendar.

[¶8] On December 12, 2017, the district court judge recused himself, and another judge was assigned. On December 13, 2017, the clerk of court's office issued notice of a dispositional conference scheduled for January 10, 2018. At a December 21, 2017, hearing the district court orally granted Hamre's request to represent himself and allowed his recently appointed counsel to withdraw. The court also issued a written order on December 21, 2017, denying Hamre's motion to dismiss. On January 2, 2018, Hamre filed a letter with the court, again requesting a speedy trial. At the January 10, 2018, dispositional conference, a jury trial was scheduled for January 23, 2018, and the district court responded to Hamre's inquiry about a speedy trial by stating the scheduled trial was "pretty speedy." Hamre represented himself during the scheduled jury trial, and the jury found him guilty of all four charges.

[¶9] On appeal, Hamre, through his court-appointed appellate counsel, argues he was denied his state and federal constitutional rights to a speedy trial, the district court erred in failing to provide him an evidentiary hearing on his pretrial motion to dismiss, and the evidence was insufficient to support the convictions. In a self-represented supplemental statement filed under N.D.R.App.P. 24, Hamre claims the evidence was insufficient to support his convictions, the State improperly removed

3

all but two men from the jury, and the Fargo law enforcement officers failed to follow proper procedure in executing a Clay County, Minnesota, warrant while arresting him on June 15, 2017.

II

[¶10] A defendant in a criminal proceeding has the right to a speedy trial under N.D. Const. art. I, § 12, and the Sixth Amendment to the United States Constitution. We review a district court's speedy trial decision de novo, but the court's findings are reviewed under the clearly erroneous standard. *Koenig v. State*, 2018 ND 59, ¶ 12, 907 N.W.2d 344; *State v. Hall*, 2017 ND 124, ¶ 12, 894 N.W.2d 836; *State v. Moran*, 2006 ND 62, ¶ 8, 711 N.W.2d 915.

[¶11] In *State v. Erickson*, 241 N.W.2d 854, 859 (N.D. 1976), we adopted a four-part balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to decide speedy trial claims under the state and federal constitutions. *See Koenig*, 2018 ND 59, ¶ 20, 907 N.W.2d 344; *Moran*, 2006 ND 62, ¶ 8, 711 N.W.2d 915; *State v. Bergstrom*, 2004 ND 48, ¶ 15, 676 N.W.2d 83. Under *Barker*, the four factors are: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of the right to a speedy trial; and (4) the prejudice to the accused. *Koenig*, at ¶ 20; *Moran*, at ¶ 8. In *Barker*, 407 U.S. at 533, the United States Supreme Court described the balancing of those factors:

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

Under that analysis, we have said a delay of one year or more is "presumptively prejudicial" and triggers an analysis of the other speedy trial factors. *Moran*, 2006

ND 62, ¶ 9, 711 N.W.2d 915 (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). *See also Koenig*, 2018 ND 59, ¶ 21, 907 N.W.2d 344.

[¶12] In *Erickson*, 241 N.W.2d at 859, we said that N.D.R.Crim.P. 48 acts as a vehicle for enforcing the right to a speedy trial and authorizes a court to dismiss a prosecution whenever there has been an unnecessary delay without requiring the court to decide whether the delay deprived a defendant of a constitutional right. The explanatory note for N.D.R.Crim.P. 48(b) explains that it is a codification of the inherent power of the court to dismiss a case for want of prosecution. *See State v. Runck*, 418 N.W.2d 262, 265 ( N.D. 1987).

[¶13] We have also recognized that under federal law, "a defendant's claim that his Sixth Amendment right to speedy trial was violated must be brought before the trial court by a timely motion to dismiss the charges." *Koenig*, 2018 ND 59, ¶ 14, 907 N.W.2d 344 (citing 5 Wayne R. LaFave et al., *Criminal Procedure* § 18.1(d) (4th ed. 2015)). In *Koenig*, we said that if a defendant fails to move to dismiss and instead either pleads guilty or submits to trial, the speedy trial claim cannot be raised for the first time on appeal. *Koenig*, at ¶ 14 (citing LaFave, at § 18.1(d)). Professor LaFave explains that the failure to raise a speedy trial claim in a motion to dismiss may constitute ineffective assistance of counsel and appellate courts have assessed speedy trial claims in the absence of a timely motion to dismiss in the trial court. LaFave, at § 18.1(d). In *Koenig*, at ¶¶ 2, 14-24, the defendant filed speedy trial requests, but did not move to dismiss the charges for a claimed speedy trial violation; rather, he raised the issue in a post-conviction claim for ineffective assistance of counsel. We concluded the defendant was not denied effective assistance of counsel, because his speedy trial rights were not violated. *Id.* at ¶ 24.

[¶14] Other than the district court's statement at the January 10, 2018, dispositional conference that the scheduled January 23, 2018, trial was "pretty speedy," this record does not reflect that the court addressed Hamre's speedy trial requests. Although Hamre filed four letters with the district court requesting a speedy trial, he did not make a motion to dismiss the charges based on a claim that he was denied a speedy

trial, and the district court was not explicitly asked to engage in the balancing of the *Barker* factors.

[¶15] Our review of this issue is de novo, however, and the record in this case indicates the delay was attributable to Hamre's actions involving his court-appointed counsel and his self-represented status during the dispositional conferences. Hamre first asserted a speedy trial right in a letter filed with the district court on October 6, 2017, and his trial began on January 23, 2018. During the interim, Hamre was either self-represented or represented by one of two different court-appointed attorneys, and he stated on more than one occasion at dispositional conferences that he wanted more time to file a motion to dismiss relating to his claim about the proper procedure for effectuating a Minnesota arrest warrant. During that time, one district court judge recused himself and a second judge was assigned to the case. The delay was not more than one year and was not presumptively prejudicial, and the reasons for the delay involved Hamre's decisions about court-appointed counsel and representing himself, his failure to comply with appropriate procedures for making a motion, and his request for more time to make a motion. Nothing in this record indicates the delay was attributable to the prosecution. Although Hamre was incarcerated from June 2017 through his trial in January 2018, the delay was not presumptively prejudicial and he has not otherwise established prejudice in the form of an impairment to his defense. On this record, we conclude as a matter of law that Hamre was not denied his constitutional right to a speedy trial.

III

[¶16] Hamre argues he was denied an evidentiary hearing on his motion to dismiss. Hamre filed his self-represented motion at the November 20, 2017, dispositional conference. Although Hamre's motion cited N.D.R.Ct. 3.2, he did not make a request for oral argument or the taking of evidence under N.D.R.Ct. 3.2(a)(3). The motion was denied by the district court in a written order issued without a hearing on December 21, 2017.

[¶17] We have said:

6

> Rule 3.2, N.D.R.Ct., applies to all motion practices, unless a conflicting rule governs the matter. *Paxton [v. Wiebe]*, 1998 ND 169, ¶ 13, 584 N.W.2d 72. Under N.D.R.Ct. 3.2(a)(3), a court may decide routine motions on briefs without holding a formal hearing, unless a party requests one. *Breyfogle v. Braun*, 460 N.W.2d 689, 693 (N.D. 1990). If a party who timely served and filed a brief requests a hearing on a motion, then "such a hearing must be held and it is not discretionary with the trial court." *Anton v. Anton*, 442 N.W.2d 445, 446 (N.D. 1989). "[T]he party requesting oral argument must secure a time for the argument and serve notice upon all other parties." *Matter of Adoption of J.S.P.L.*, 532 N.W.2d 653, 657 (N.D. 1995). A request for oral argument is not complete until the requesting party has secured a time for oral argument. *Bakes v. Bakes*, 532 N.W.2d 666, 668 (N.D. 1995).

*State v. $3260.00 U.S. Currency,* 2018 ND 112, ¶ 12, 910 N.W.2d 839 (quoting *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 18, 855 N.W.2d 608).

[¶18]  This record does not reflect that Hamre requested an evidentiary hearing on his motion to dismiss, or took steps to secure a time for the hearing. A self-represented litigant is not granted leniency because of his status and is bound by the rules of procedure. *State v. Gray*, 2017 ND 108, ¶ 12, 893 N.W.2d 484. We conclude the district court did not err in deciding Hamre's motion without an evidentiary hearing.

IV

[¶19]  Hamre argues the evidence was insufficient to support his convictions. We apply a highly deferential standard of review to claims that the evidence at trial was insufficient to support a guilty verdict. *State v. Carpenter*, 2011 ND 20, ¶ 5, 793 N.W.2d 765. In *State v. Owens*, 2015 ND 68, ¶ 16, 860 N.W.2d 817, we explained that standard:

> "When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction." *State v. Schmeets*, 2007 ND 197, ¶ 8, 742 N.W.2d 513. "The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." *Id.* "A conviction rests upon insufficient evidence only when

no rational factfinder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor." *Id.*

In considering a sufficiency of the evidence claim, we do not reweigh conflicting evidence or judge the credibility of witnesses. *State v. Hannah*, 2016 ND 11, ¶ 7, 873 N.W.2d 668.

A

[¶20]   Under N.D.C.C. § 39-10-71, "[a]ny driver of a motor vehicle who willfully fails or refuses to bring the vehicle to a stop, or who otherwise flees or attempts to elude, in any manner, a pursuing police vehicle or peace officer, when given a visual or audible signal to bring the vehicle to a stop, is guilty of" the offense of fleeing or attempting to elude a police officer.

[¶21]   At trial, Detective Swan testified that on June 5, 2017, he stopped Hamre for driving a vehicle with expired license plates, and Hamre stopped his vehicle when Detective Swan activated the emergency lights on his unmarked police car. According to Detective Swan, he approached Hamre's vehicle, identified himself as a law enforcement officer, and obtained Hamre's driver's license. Detective Swan testified that while he was waiting for backup to arrive, Hamre drove away while Detective Swan retained the driver's license.  According to Detective Swan, his vehicle's emergency lights were still activated and he had not indicated to Hamre that he was free to leave.

[¶22]   Viewed in the light most favorable to the verdict, a rational fact finder could have concluded that Hamre was guilty of fleeing or attempting to elude a police officer.  The jury heard testimony that Hamre was given a visual signal to stop when Detective Swan activated his emergency lights.  While the emergency lights were still on and without any indication the officer had released him, Hamre drove away. Detective Swan's testimony provided competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction.  We conclude there was sufficient evidence, viewed in the light must favorable to the

8

verdict, to support Hamre's conviction for fleeing or attempting to elude a police officer.

B

[¶23]   Under N.D.C.C. § 12.1-17-01(1)(a), a "person is guilty of [simple assault] if that person:  [w]illfully causes bodily injury to another human being."  Bodily injury "means any impairment of physical condition, including physical pain."  N.D.C.C. § 12.1-01-04(4).  Simple assault is a class C felony when the victim is a peace officer acting in an official capacity, which the actor knows to be a fact.  N.D.C.C. § 12.1-17-01(2)(a).

[¶24]   Hamre claims he was not aware that the detectives were peace officers acting in their official capacities, because they were in plain clothes when they approached him at a Fargo storage unit on June 15, 2017.  Detective Swan testified at trial, however, that when he and Detective Malone first encountered Hamre, Detective Swan recognized Hamre from the June 5 encounter with him and identified himself and Detective Malone as police officers by saying, "Hi, John.  Fargo Police."

[¶25] Hamre also claims there was insufficient evidence of bodily injury to Detectives Swan and Malone because they were not impaired in their physical condition.  The plain language of N.D.C.C. § 12.1-01-04(4) states "bodily injury means any impairment of physical condition, including physical pain."  *See Hannah*, 2016 ND 11, ¶¶ 8, 12, 873 N.W.2d 668 (discussing proof of physical pain).  The jury heard testimony from Detective Swan that Hamre opened his car door and shoved Detective Swan into a storage unit door; that Hamre closed his car door on Detective Swan's arm, causing pain; and that Detective Swan's arm bruised after being caught in the car door.  The jury also heard testimony that Hamre kicked Detective Malone in the chest and chin during the altercation, causing him pain.

[¶26]   Viewed in the light most favorable to the verdict, a rational fact finder could have concluded that Hamre was guilty of simple assault on a peace officer. "Pain, which is a qualifying, but not necessary, circumstance of bodily impairment under N.D.C.C. § 12.1-01-04(4), is a phenomenon of common experience and

9

understanding." *Hannah*, 2016 ND 11, ¶ 9, 873 N.W.2d 668. Detectives Swan and Malone both testified that they felt pain when they were struck by Hamre. Detective Swan's testimony regarding the bruising on his arm is further evidence of bodily injury. This Court has "long recognized juries may draw rational inferences based upon common knowledge in reaching a verdict, and that is not only permissible but also desirable." *Hannah*, at ¶ 9. Testimony at trial supports the jury's verdict, and we conclude the evidence was sufficient to sustain Hamre's convictions for simple assault on a peace officer.

C

[¶27] A person is guilty of preventing arrest if, "with intent to prevent a public servant from effecting an arrest of himself or another for a misdemeanor or infraction, or from discharging any other official duty, he creates a substantial risk of bodily injury to the public servant or to anyone except himself, or employs means justifying or requiring substantial force to overcome resistance to effecting the arrest or the discharge of the duty." N.D.C.C. § 12.1-08-02(1).

[¶28] The criminal information alleged that Hamre, with intent to prevent officers from arresting him, employed means requiring substantial force to overcome the arrest. Detective Swan testified that he estimated the struggle to restrain Hamre during the altercation took him and Detective Swan between five and seven minutes. Detective Swan also testified that at the end of the struggle, he and Detective Malone were exhausted. Viewed in the light most favorable to the verdict, a rational fact finder could have concluded that Hamre was guilty of preventing arrest. We conclude the evidence was sufficient to sustain Hamre's conviction for preventing arrest.

V

[¶29] In Hamre's self-represented supplemental statement filed under N.D.R.App.P. 24, he argues the State struck all but two men from the jury, which ultimately consisted of ten women. *See Batson v. Kentucky*, 476 U.S. 79, 87 (1986) (holding equal protection clause forbids prosecution from challenging jurors solely on account

10

of race) and *City of Mandan v. Fern*, 501 N.W.2d 739, 749 (N.D. 1993) (discussing district court evaluation of claimed sex discrimination in jury selection).

[¶30]  Hamre did not raise this issue during jury selection.  Rather, he raised it for the first time on appeal in his supplemental statement under N.D.R.App.P. 24.  We decline to consider this issue because it was not raised in the district court and cannot be considered for the first time on appeal.  *State v. Flanagan*, 2004 ND 112, ¶ 16, 680 N.W.2d 241 (refusing to consider issue about peremptory challenges to male jury panel members resulting in all-female jury because raised for first time on appeal); *State v. Steffes*, 500 N.W.2d 608, 615 (N.D. 1993).

VI

[¶31]  We affirm the judgment.

[¶32]  Jerod E. Tufte
Lisa Fair McEvers
Daniel J. Crothers
Jon J. Jensen
Gerald W. VandeWalle, C.J.

11