# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 106

State of North Dakota,                                    Plaintiff and Appellee

     v.

Joey Michael Wayland,                              Defendant and Appellant

### No. 20190274

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant; submitted on brief.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for plaintiff and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Joey Wayland appeals from a district court's judgment entered following a jury verdict finding him guilty of Theft of Property and Possession of Drug Paraphernalia.  Wayland contends his case should have been dismissed because his right to a speedy trial was violated by a continuance of his trial from March 11, 2019 to April 8, 2019.  Wayland also contends the district court violated his right to remain silent by ordering him to submit to a mental health evaluation.  We affirm.

I

[¶2]   On November 6, 2018, Wayland was arrested and charged with Theft of Property in violation of N.D.C.C. § 12.1-23-02 and Possession of Drug Paraphernalia in violation of N.D.C.C. § 19-03.4-03.  On December 9, 2018, and on repeated occasions thereafter, Wayland asserted his right to a speedy trial.  On January 3, 2019, Wayland's attorney requested an order requiring Wayland to submit to a mental health evaluation.  The court ordered Wayland to submit to a mental health examination despite Wayland's objection to the examination.

[¶3]   On March 8, 2019, the district court continued the trial scheduled for March 11, 2019.  On March 10, while represented by counsel, Wayland wrote a letter to the court with a multitude of generalized complaints including an objection to any continuance of his case and seeking a dismissal of the case because his right to a speedy trial had been violated.  The March 11, 2019 trial was rescheduled for April 8, 2019, rescheduled again for May 6, 2019, and rescheduled again and held on July 30, 2019.

[¶4]   The court does not appear to have initially considered Wayland's March 10, 2019 letter, filed while he was represented by counsel, as a motion to dismiss.  However, on April 23, the court granted Wayland's second attorney's request to withdraw as Wayland's counsel, acknowledged Wayland's letter contained a request to dismiss for violation of Wayland's right to a speedy trial,

1

and requested the State respond to the letter. The request to dismiss within Wayland's March 11, 2019 letter was made without factual assertions or legal citations and consisted of the following: "My speedy rights have passed. I ask for a speedy rights dismissal." The State did not file a response and the court did not issue a ruling in response to the letter.

[¶5] On appeal, Wayland asserts his convictions should be vacated and his case dismissed because his right to a speedy trial was violated. He also argues his right to remain silent was violated when he was ordered to submit to a mental health examination.

II

[¶6] Wayland contends the district court's continuance of the March 11, 2019 trial date violated his right to a speedy trial. He did not file a motion to dismiss challenging the continuance of either the April 8, 2019 trial date or the May 6, 2019 trial date.

[¶7] "A defendant in a criminal proceeding has the right to a speedy trial under N.D. Const. art. I, § 12, and the Sixth Amendment to the United States Constitution." *State v. Hamre*, 2019 ND 86, ¶ 10, 924 N.W.2d 776. A criminal defendant in North Dakota is also statutorily provided a right to a speedy trial. N.D.C.C. §§ 29-01-06(5) and 29-19-02. Although the general right to a speedy trial provided in N.D.C.C. § 29-19-02 applies to this case, the statutory speedy trial period of ninety days does not apply to the charges initiated against Wayland in this case because Wayland was not charged under the statutory provisions that trigger the ninety day time provision.

[¶8] A district court's speedy trial decision is reviewed de novo, but the court's findings are reviewed under the clearly erroneous standard. *Hamre*, 2019 ND 86 at ¶ 10. In *Hamre* we recognized that this Court has adopted a four-part balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to decide speedy trial claims under the state and federal constitutions. *Id.* ¶ 11. The four-part test includes the following: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of the right to a speedy trial; and (4) the prejudice to the accused. *Id.* This Court has held a delay of one year or more

2

is "presumptively prejudicial." *State v. Moran*, 2006 ND 62, ¶ 9, 711 N.W.2d 915 (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)).

[¶9]   Our review of this issue is de novo.  Ordinarily the absence of oral or written findings by the court would compel a remand of the case for the purpose of requiring the district court to make findings regarding the defendant's request to dismiss for violation of the defendant's right to a speedy trial. However, our de novo review of this case compels the conclusion the continuance of the March 11, 2019 trial did not violate Wayland's right to a speedy trial.  Wayland filed his letter requesting dismissal based on a violation of his right to a speedy trial on March 10, 2019.  Wayland's request for dismissal asserted no factual or legal support for the request, other than "the 90th day for speedy rights to trial has passed."  The letter did not include any discussion of the four-part test this Court applies in reviewing potential speedy trial violations.  He did not renew or expand on that request with regard to the rescheduling of the April 8, 2019 trial date or the May 6, 2019 trial date.  His request to dismiss was made within a three-page letter containing numerous generalized complaints, written to the court while he was represented by counsel.  On March 10, 2019, his case had been pending for a total of 124 days and at the rescheduled trial date of April 8, 2019, his case would have been pending 153 days.  Wayland has failed to articulate any prejudice caused by the continuance of the trial from March 11, 2019, to April 8, 2019, and no prejudice is apparent from the record.  Although the reason for the continuance is absent from the record, and Wayland unambiguously asserted his right to a speedy trial, our de novo review leads us to the conclusion Wayland's right to a speedy trial was not violated by the continuance of the March 11, 2019 trial to April 8, 2019.

### III

[¶10] For the first time on appeal, Wayland argues his constitutional right to remain silent was violated when his attorney requested he submit to a mental evaluation.  "Issues not raised at trial will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b)." *State v. Eggleston*, 2020 ND 68, ¶ 17, 940 N.W.2d 645 (quoting *State v.*

*Pemberton*, 2019 ND 157, ¶ 8, 930 N.W.2d 125). To prevail on a claim of obvious error, a defendant must show: (1) error; (2) that is plain; and (3) the error affects the defendant's substantial rights. *State v. Pemberton*, 2019 ND 157, ¶ 9, 930 N.W.2d 125 (citing *State v. Wangstad*, 2018 ND 217, ¶ 14, 917 N.W.2d 515). Wayland has not asserted the requirement to submit to a mental health examination was obvious error and we decline to engage in an unguided review of the record in search of obvious error.

IV

[¶11] Wayland's right to a speedy trial was not violated by the continuance of his trial from March 11, 2019, to April 8, 2019. Because Wayland failed to raise the alleged constitutional violation of his right to remain silent in the district court, and he has not asserted the order for him to submit to a mental health evaluation was obvious error, we decline to address the issue on appeal. We affirm the judgment of the district court.

[¶12] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Jerod E. Tufte
     Lisa Fair McEvers