# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 180

State of North Dakota,

Plaintiff and Appellee

v.

Michael Brian Johnson,

Defendant and Appellant

## No. 20230083

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Breezy A. Schmidt, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Kyle R. Craig, Minot, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Michael Johnson appeals from a criminal judgment entered following a jury verdict finding him guilty of felonious restraint and domestic violence-bodily injury. On appeal, Johnson argues the evidence presented at trial was insufficient to support the jury's verdict on the charge of felonious restraint. We affirm.

I

[¶2]   The State charged Johnson with one count of felonious restraint in violation of N.D.C.C. § 12.1-18-02(2) and one count of domestic violence-bodily injury in violation of N.D.C.C. § 12.1-17-01.2(2)(a). The victim, J.N., testified she was Johnson's girlfriend and that on April 3, 2022, Johnson went to meet her at a bar located in Minot. Upon arriving, Johnson accused J.N. of cheating on him with an individual at the bar, and an argument ensued. J.N. requested to go home, and Johnson offered to drive her to the truck stop so they could eat. J.N. agreed. However, on the way to the truck stop, J.N. noticed they had missed the turn-off, and Johnson was instead driving her to his mother's home. Not wanting to go to Johnson's mother's house, J.N. attempted to make a phone call when Johnson took the phone away. J.N. made several requests to go home, which Johnson repeatedly refused. Upon arriving at the home, Johnson locked the vehicle's doors and again accused her of cheating, making statements of, "you're not going home," "[y]ou know what you did," "[y]ou know you cheated," "you're crazy, and I'm going to prove it to everyone," and slapped J.N. across the face. J.N. recounted Johnson grabbing her wrists, ripping off her Apple watch, and leaning over the center console getting nose to nose with her yelling "slut," and "whore." J.N. stated she could feel the spit hitting her face. Eventually, J.N. broke free and fell out of the vehicle.

[¶3]   Johnson asserts there was insufficient evidence to sustain the guilty verdict of felonious restraint because the State failed to show evidence that the

restraint was done under terrorizing circumstances. Johnson asserts the statements were not threats but merely unkind words.

[¶4] When we review challenges regarding the sufficiency of the evidence:

> [W]e look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction. A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses.

*State v. Hannah*, 2016 ND 11, ¶ 7, 873 N.W.2d 668 (quoting *State v. Rufus*, 2015 ND 212, ¶ 6, 868 N.W.2d 534).

[¶5] Johnson was charged with violating N.D.C.C. § 12.1-18-02(2). Section 12.1-18-02(2), N.D.C.C., states a person is guilty of the class C felony of felonious restraint if he: "[k]nowingly restrains another under terrorizing circumstances or under circumstances exposing him to risk of serious bodily injury[.]" Although the statute does not define terrorizing circumstances, this Court has defined terrorizing circumstances by referencing the definition provided for the class C felony of terrorizing, N.D.C.C. § 12.1-17-04, as "threats of violence or dangerous acts made with an intent to induce fear." *State v. Alvarado*, 2008 ND 203, ¶ 21, 757 N.W.2d 570 (quoting *State v. Plentychief*, 464 N.W.2d 373, 376 (N.D. 1990)). We have also referenced N.D.C.C. § 12.1-17-04 in analyzing what constitutes a threat under terroristic circumstances, holding:

> No precise words are necessary to convey a threat. It may be bluntly spoken, or done by innuendo or suggestion. A threat often takes its meaning from the circumstances in which it is spoken and words that are innocuous in themselves may take on a sinister meaning in the context in which they are recited.

*Alvarado*, at ¶ 21 (quoting *State v. Gefroh*, 495 N.W.2d 651, 655 (N.D. 1993)).

2

[¶6]   In *Alvarado*, we determined there was sufficient evidence to support a conviction for felonious restraint by knowingly restraining another under terrorizing circumstances, even though all the defendant said during the incident was an ambiguous statement of "you'll be sorry," based on the context in which the statement was made. 2008 ND 203, ¶ 22 (Where the defendant picked up the victim and carried her away, as she was saying, "put me down," and "[h]elp, help," and an eyewitness also testified the defendant repeated, "[d]on't call the cops.").

[¶7]   Similarly, statements Johnson made, including "you're not going home," "[y]ou know what you did," "[y]ou know you cheated," and "you're crazy, and I'm going to prove it to everyone" must be taken in the context in which Johnson said them. J.N. testified Johnson had misled her as to where they were going, took her cell phone, locked the doors, ripped off her Apple watch, and prevented her from leaving the truck after J.N.'s repeated requests. Additionally, J.N. testified Johnson had slapped her and grabbed her wrists and was so close to her face when yelling "slut" and "whore" she could feel his spit hitting her face. Under the circumstances, these statements, even if we were to conclude they were ambiguous, could all be taken as having a sinister meaning, conveying them as a threat of violence made with the intent to induce fear from which a rational fact finder could have found Johnson restrained J.N. under terrorizing circumstances.

II

[¶8]   There was evidence sufficient to sustain the guilty verdict. The judgment is affirmed.

[¶9]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr